IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JAMES GORDON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) |
| | )    1:10cv002 (JCC) |
| ARMORGROUP, N.A., *et al.*, | ) |
| | ) |
| | ) |
|     Defendants. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiff James Gordon's ("Plaintiff") motion to reconsider this Court's dismissal of his state law constructive discharge claims against defendants ArmorGroup North America, Inc. ("AGNA"), ArmorGroup, International, PLC ("AGIPLC"), Wackenhut Service, Inc. ("WSI"), and AGNA manager Cornelius Medley ("Medley") (collectively "Defendants"). Plaintiff argues that dismissal of his state claims was improper in light of case law demonstrating that, in Virginia, an at-will employee can be constructively discharged. For the reasons explained below, the Court will deny Plaintiff's motion.

## I. Background

Plaintiff's Complaint, originally filed in the District of Washington, D.C. on September 9, 2009, included four counts, all predicated on the contention that Defendants forced him to quit his employment with AGNA, or, in other words, constructively discharged him.  Count One alleged a violation of the False Claims Act, whereas Counts Two through Four alleged state law violations.  The case was transferred to the Eastern District of Virginia on December 22, 2009.  [Dkt. 23.]  Defendant Hoffman filed a Motion to Dismiss on June 10, 2010 [Dkt. 43], following a Motion to Dismiss by the other Defendants on May 28, 2010.  [Dkt. 35.]

Before ruling on those motions, this Court sought additional briefing "addressing whether an at-will employee can be constructively discharged under the applicable law."  [Dkt. 53.]  The parties filed briefs on August 17, 2010, [Dkts. 54, 55, 56] and briefs in opposition on August 23, 2010 [Dkts. 58, 59, 60].  This Court dismissed Plaintiff's state law claims, ruling that, under Virginia law, an at-will employee cannot be constructively discharged.  [Dkts. 62, 63.]  Plaintiff argues that this ruling was "clearly erroneous," and moves for reconsideration under Federal Rule of Civil Procedure 54(b).

## II. Standard of Review

Under Rule 54(b), any order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment." Thus, "a district court retains the power to reconsider and modify its interlocutory judgments." *American Canoe Ass'n v. Murphy Farms*, 326 F.3d 505, 514-15 (4th Cir. 2003); *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991).

The district court's reconsideration of an interlocutory order is not subject to the heightened standards that apply to reconsideration of declaratory judgments. *American Canoe*, 326 F.3d at 514. Instead, the district judge may exercise his discretion to afford relief from his interlocutory orders "as justice requires." *Fayetteville Investors*, 936 F.2d at 1473. The discovery of substantially different evidence, a subsequent change in the controlling applicable law, or the clearly erroneous nature of an earlier ruling would all justify reconsideration. *See American Canoe*, 326 F.3d at 515 (quoting *Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988)).

## III. Analysis

Virginia strongly adheres to the general proposition that an at-will employee can be discharged at any time after

3

reasonable notice without cause.  *Miller v. SEVAMP, Inc.,* 234 Va. 462, 468 (1987).  A narrow exception to this rule exists when an employee "was fired in violation of an established public policy."  *Bowman v. State of Keysville*, 229 Va. 534, 540 (1985).  This Court ruled in the instant case, citing *Wright v. Donnelly,* 28 Va. Cir. 185 (1992), and *Hairston v. Multi-Channel TV Cable Co.*, No. 95cv2363, 1996 WL 119916 (4th Cir. Mar. 19, 1996), that no *Bowman* exception exists for constructive discharge of an at-will employee.

Plaintiff claims that ruling was clearly erroneous because the Virginia Supreme Court reversed its *Wright* decision in *Lockhart v. Commonwealth Education Systems Corp.*, 247 Va. 98, 104 (1994), thereby implicitly recognizing the possibility of a *Bowman* exception for constructive discharge claims.  In closely examining the two cases, this Court finds Plaintiff's logic compelling, but ultimately unavailing, for the simple reason that nothing about *Lockhart*, besides the fact of its reversal of *Wright*, indicates that the issue of constructive discharge was even considered, let alone ruled upon.

Beginning with the Circuit Court's opinion in *Wright*, the Court described Plaintiff's allegations as follows:

> Count I alleges that Donnelly kissed, seized, grabbed and hugged Wright without her consent . . . . [and] that he said certain things to her that were abusive, inappropriate and harassing. . . . *Wright*

4

> *alleges that she resigned her position and was subsequently terminated*, but that under the circumstances she was constructively discharged.

1992 WL 884695, at *1 (emphasis added).

Compare this with the facts as stated in *Lockhart*. There, the Court considered *Wright* along with Ms. Lockhart's race discrimination case--a non-constructive-discharge case. The Virginia Supreme Court described the facts of *Wright* in a decidedly different manner than the circuit court had. After repeating the allegations regarding unwanted hugs and kisses, the Court described the events as follows:

> Ms. Wright advised Mr. Donelly that she did not intend to be subjected to this treatment and that she could not work under these conditions. Mr. Donelly told Ms. Wright that "we would work things out." *On July 24, 1991, Ms. Wright reported to work, and Mr. Donelly made repeated abusive, inappropriate, and harassing remarks to her. Ultimately, he ordered her to "get out!"*

247 Va. at 101-02 (emphasis added).

Thus ended the Court's fact recitation. Unlike in *Wright*, there was no mention of Ms. Wright's resignation or "subsequent terminat[ion]," nor was there any discussion of "constructive discharge" at all. Rather, the facts described indicate an *actual*, not constructive, discharge. Whether or not this factual description was *accurate* is unimportant; what matters is what the Court thought it was doing. And nothing in

the Court's opinion indicates that it thought that it was affirmatively sanctioning a claim for constructive discharge of an at-will employee. Indeed, there was every indication that the Court's focus was on the completely separate issue of whether race and gender discrimination can give rise to a *Bowman* exception. *See id.* at 104-06. This Court therefore cannot agree that its prior decision was clearly erroneous in light of *Lockhart*.

## IV. Conclusion

For these reasons, the Court will deny Plaintiff's motion to reconsider.

|  | /s/ |
|---|---|
| October 19, 2010 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |